UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERMIN ALDABE,<br><br>  Plaintiff,<br><br>  v.<br><br>SULLIVAN & CROMWELL LLP,<br>JAMES L. BROMLEY, and<br>FABIO WEINBERG CROCCO,<br><br>  Defendants. | Case No. 23-850<br><br>**NOTICE OF REMOVAL BY<br>DEFENDANTS PURSUANT TO<br>28 U.S.C. §§ 1331, 1367, 1441, AND 1446** |

Defendants Sullivan & Cromwell LLP, James Bromley, and Fabio Weinberg Crocco (together, "Defendants"), by and through their undersigned counsel, hereby remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. This removal is made pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1367, and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below.

## THE REMOVED ACTION

2. This civil action, filed on September 26, 2022 by Fermin Aldabe ("Plaintiff"), was pending in the Supreme Court of the State of New York, County of New York, a court located within this District, under Index Number 158212/2022. The complaint that

Plaintiff initially filed to commence this action contained state law tort claims alone. (*See* Ex. 2 (Complaint).)[1]

3. Plaintiff served Defendants with process on January 12, 2023. (*See* Ex. 1 (Notice of Service).) The following day, on January 13, 2023, Defendants received notice through the New York State Courts Electronic Filing system ("NYSCEF") that Plaintiff filed a First Amended Complaint ("FAC"). On January 23, 2023, Plaintiff sent Defendants' counsel a copy of the FAC by email.

4. The FAC contains claims purportedly arising under the U.S. Constitution and federal law. (*See* Ex. 3 (FAC).) Defendants have not answered, moved to dismiss, or otherwise responded to the initial complaint or the FAC. (*See* Ex. 4 (Docket Sheet).) Defendants are not aware of any further proceedings regarding this action in New York State Supreme Court.

5. This Notice of Removal is accompanied by the following documents:

- All executed process (Ex. 1);
- All pleadings asserting causes of action (*i.e.*, the initial complaint (Ex. 2) and the FAC (Ex. 3));
- The docket sheet and all filed court documents (Ex. 4); and
- A pre-filing screening injunction against Plaintiff from the U.S. Bankruptcy Court for the Southern District of Florida (Ex. 5).

6. Other than the above-referenced documents, which are attached as Exhibits, no pleadings, process, orders, or other documents in the case have been served or otherwise received by Defendants or, to Defendants' knowledge, are presently on file in the state

---

[1] All exhibits refer to the declaration of Matthew J. Porpora filed in support of this notice.

court.  In the event that such filings come to Defendants' attention, Defendants will immediately file copies in this Court.

7. In the FAC, Plaintiff, a *pro se* litigant, asserts claims related to the results of (i) a Belizean liquidation proceeding, in which a Belizean bank, Atlantic International Bank Ltd. ("AIBL"), was liquidated in Belize in accordance with Belizean law, and (ii) an ancillary Chapter 15 bankruptcy proceeding in the U.S. Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").  (FAC ¶¶ 13–16.)  The FAC alleges, *inter alia*, that during the Chapter 15 proceeding Defendants "aided and abetted" both the Federal Trade Commission ("FTC") and AIBL in breaching certain duties that Plaintiff alleges those entities owed Plaintiff.  (FAC ¶¶ 19–23.)  The FAC alleges that the FTC "breach[ed] its duty under section 13(b) of the FTC Act," 15 U.S.C. § 53(b), and "under constitutional due process . . . when it filed [an agreed order of settlement] with the bankruptcy court."  (FAC ¶ 21.)  The FAC further alleges that AIBL "breached its statutory duties" under 11 U.S.C. §§ 1501, 1507, 1508, 1514, and 1517, and Federal Rule of Bankruptcy Procedure 2002(q) "when it filed the agreed order."  (FAC ¶ 21.)

8. The Complaint fails to disclose much of the background underlying this case.  This action is the latest example of Plaintiff's long-running, vexatious campaign to sue anyone involved in the Belizean liquidation of AIBL.  To date, each and every one of Plaintiff's challenges to the liquidation has been rejected by the courts in which he has filed them, two separate courts have admonished Plaintiff for having brought frivolous and vexatious claims and warned Plaintiff that he may face sanctions if he continues to pursue them, and one court issued a pre-filing screening injunction prohibiting Plaintiff from continuing to commence such actions without judicial approval.

9. In the foreign liquidation proceeding, Plaintiff recovered $49,584.99 of the $72,419.75 that he allegedly had deposited with AIBL through Palma Efuus Ltd., a Belizean shell company formed and owned by his wife (Elizabeth M. Braun de Aldabe). This represented roughly a 68.46% recovery—the same recovery percentage that every depositor received in the liquidation. (*See* Ex. 5 at Tr. 9:8–12, 10:7–10.) Frustrated with that foreign proceeding result, Plaintiff filed suits in Massachusetts, Maryland, Florida, and now New York against various actors, including the Prime Minister of Belize, the Governor of the Central Bank of Belize, several FTC Commissioners and staff attorneys, officers and employees of AIBL, and now AIBL's counsel for part of the Chapter 15 proceedings.[2] None of those harassing actions has been successful. In fact, the United States District Court for the District of Maryland expressed that "Plaintiff is expressly cautioned that, should he try to raise variations of his concerns in further AIBL-related lawsuits, other courts may well be inclined to impose appropriate sanctions." *Aldabe* v. *Cohen*, 2022 WL 958088, at *3 n.12 (D. Md. Mar. 30, 2022). Additionally, just a few weeks after Plaintiff filed this suit, the Bankruptcy Court issued a pre-filing screening injunction against Plaintiff, prohibiting him from pursuing new AIBL-related litigation without leave of that court. (*See* Ex. 5 at Tr. 6:10–12.) While that injunction applied only prospectively, in issuing it, the Bankruptcy Court expressly warned Plaintiff that, if he chose to pursue the claims that he had (at that time) already commenced in the instant action, he would do so "at his peril, of course, to being subject to sanctions if indeed it may be found that those claims are determined to be without merit and further determined to be of a nature that justifies sanctions." (Ex. 5 at Tr. 35:9–13.)

---

[2]  *See, e.g.*, *Aldabe* v. *Atlantic Int'l Bank Ltd.*, 2021 WL 7973542 (Mass. Super. Mar. 08, 2021); *Aldabe* v. *Cohen*, 2022 WL 958088, at *3 n.12 (D. Md. Mar. 30, 2022); Complaint, *Aldabe* v. *Barrow*, No. 2022-018064-CA-01 (Fla. Cir. Ct. Sept 19, 2022).

**PROCEDURAL ISSUES**

10. Removal is timely under 28 U.S.C. § 1446(b)(3). Plaintiff filed an amended complaint from which it could first be ascertained that the case was removable on January 13, 2023. (*See* Ex. 3 (FAC).) This notice of removal is timely filed within the 30-day period following service of the FAC on Defendants.

11. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case was pending. The Supreme Court of the State of New York, County of New York, is located within the Southern District of New York.

**JURISDICTION IS PROPER UNDER 28 U.S.C. § 1331**

12. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

13. Federal question jurisdiction exists over state law claims where, as here, "plaintiff's right to relief depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal.* v. *Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983); *see also Gunn* v. *Minton*, 568 U.S. 251, 258 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."); *Grable & Sons Metal Prods., Inc.* v. *Darue Eng'r & Mfnr.*, 545 U.S. 308, 314 (2005).

14. *First*, Plaintiff's state law claims necessarily raise federal issues. The gravamen of the FAC is that Plaintiff allegedly was harmed by various breaches of duties that

supposedly arise under the U.S. Constitution and federal law—that is, when the FTC and AIBL filed an "Agreed Order"[3] in the Bankruptcy Court. (FAC ¶¶ 20–22.) According to Plaintiff, the FTC allegedly violated the FTC Act by "seek[ing] pecuniary damages" from Plaintiff despite "ow[ing] [a] duty to plaintiff not to seek pecuniary damages from him or AIB[L] under section 13(b)." (FAC ¶¶ 19, 27.) The FAC also alleges that AIBL "breached its statutory duties" under 11 U.S.C. §§ 1501, 1507, 1508, 1514, and 1517, and Federal Rule of Bankruptcy Procedure 2002(q) "when it filed the agreed order." (FAC ¶ 21.) Plaintiff only nominally asserts state law claims—five claims (Counts 1–5) require as an element[4] that AIBL or the FTC "breach[ed] duties," which he alleges arise under federal law and the Constitution (FAC ¶¶ 9, 20–22, 28, 32, 39, 44, 47), and the remaining two (Counts 6–7) simply reframe the same federal breach-of-duty allegations below the mantle of a state law header (FAC ¶¶ 21–22, 49–50, 54). Plaintiff may not avoid federal jurisdiction "by framing in terms of state law a complaint the real nature of [which] is federal, . . . or by omitting to plead necessary federal questions in a complaint." *NASDAQ OMX Group, Inc.* v. *UBS Securities, LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014) (alterations in original) (quoting *Marcus* v. *AT&T Corp.*, 138 F.3d 46, 55 (2d Cir. 1998)). Indeed, in reviewing a declaratory judgment action involving breach of contract, indemnification, breach of implied

---

[3] Filing the Chapter 15 Petition triggered an automatic stay on the FTC's enforcement action against AIBL; in the Agreed Order, AIBL and its Liquidator waived the automatic stay, permitting enforcement of the FTC settlement agreement. *See* Agreed Order Granting Motion for Order of Recognition of Foreign Proceeding ¶¶ 4–5, *In re Atlantic Int'l Bank Ltd*, No. 1:19-BK-16286 (Bankr. S.D. Fl. Sept. 20, 2019), ECF No. 86.

[4] Under New York law, aiding-and-abetting claims require Plaintiff to plead an underlying tort, *see Bigio* v. *Coca-Cola Co.*, 675 F.3d 163, 172 (2d Cir. 2012), and Counts 1 and 2 apparently plead *sui generis* breach-of-duty causes of action arising out of the FTC Act and Bankruptcy Code. (FAC ¶¶ 27–28, 31–32.) Plaintiff's misrepresentation-by-omission claims (Counts 3–5) require Plaintiff to prove that Defendants were duty bound to make the alleged disclosures, *see Grammer* v. *Turtis*, 706 N.Y.S.2d 453, 455 (N.Y. App. Div. 2000) (negligent misrepresentation); *Striker* v. *Graham Pest Control Co. Inc.*, 578 N.Y.S.2d 719, 720–21 (N.Y. App. Div. 1992) (fraudulent misrepresentation by omission), which, again, Plaintiff points to as arising out of federal law. (FAC ¶¶ 22, 39, 44, 47.)

duties of good faith and fair dealing, and gross negligence claims, the Second Circuit held that claims arose under federal law where "a singular duty underlie[d] all four of [Plaintiff's] state law claims," and that duty "derive[d] directly from federal law." *NASDAQ*, 770 F.3d at 1021.

15. *Second*, Plaintiff's federal issues are actually disputed. Plaintiff contends that Section 13(b) of the FTC Act and certain sections of the Bankruptcy Code created a duty that extended to Plaintiff, a customer of one of AIBL's creditors. Defendants will show that no such duties exist. The question of what duties are imposed by federal law is the core dispute of each and every claim.

16. *Third*, the federal issues that Plaintiff raises are "substantial." To so qualify, "the case in question must present some 'broader significance' to the federal system constituting 'an important issue of federal law that sensibly belong[s] in a federal court.'" *Link Motion Inc.* v. *DLA Piper LLP (US)*, 2022 WL 17884167, at *5 (S.D.N.Y. Dec. 23, 2022) (alteration in original) (quoting *Gunn*, 568 U.S. at 260–61). Plaintiff's complaint alleges the FTC violated its charter statute and asks, in letter and effect, that the FTC's settlement with a Belizean entity—approved by the United States District Court for the District of Maryland[5] and recognized in the Bankruptcy Court—be unwound so that Plaintiff may recover the $22,834.76 he believes he is owed under Belizean law. (FAC ¶¶ 17–25.) This all confirms the simple fact that, while cloaked in the garb of state law claims, Plaintiff's complaint "constitutes merely a collateral attack on the . . . past orders" of federal courts. *See Link Motion*, 2022 WL 17884167, at *6. As such, Plaintiff's federal issues are "substantial" and their resolution "is sufficiently

---

[5] Order Granting Motion for Entry of Proposed Stipulated Order for Permanent Injunction and Monetary Judgment Against Defendant Atlantic International Bank Limited, *In re Sanctuary Belize Litig.*, No. 18-cv-3309 (D. Md. Sept. 25, 2019), ECF No. 607.

significant to the development of a uniform body of federal" law. *See NASDAQ*, 770 F.3d at 1024.

17. *Fourth*, exercising federal jurisdiction would not disrupt the federal-state balance approved by Congress. "Far from threatening the federal-state balance envisioned by Congress in this area, the exercise of federal jurisdiction here comports with Congress's expressed preference" for the maintenance in federal court of Chapter 15 of the Bankruptcy Code and the scope of the FTC's authority under Section 13(b) of the FTC Act. *See NASDAQ*, 770 F.3d at 1030 (discussing the exclusive federal jurisdiction for violations of the Exchange Act); 11. U.S.C. § 1501 (explaining how Chapter 15 serves to facilitate cross-border insolvency with cooperation between the "courts of the United States" and "courts and other competent authorities of foreign countries"); 15 U.S.C. § 53(b) ("[T]he [Federal Trade] Commission . . . may bring suit in a district court of the United States . . . ."). State courts are not the typical forum for evaluating the FTC's exercise of its authority under Section 13(b) or duties that arise under the Bankruptcy Code.

18. Plaintiff's allegations regarding supposed duties arising under the FTC Act and Bankruptcy Code squarely meet the four-part test for exercising federal question jurisdiction under *Gunn* v. *Minton*. Thus, removal is proper.

**JURISDICTION IS ALTERNATIVELY PROPER UNDER 28 U.S.C. § 1367**

19. To the extent the Court finds that any claims—in particular Plaintiff's FDUTPA and IIED claims—do not satisfy the jurisdictional requirements of 28 U.S.C. § 1331, this Court has jurisdiction over those claims under 28 U.S.C. § 1367, which provides district courts with "supplemental jurisdiction over all other claims in the action" that "form part of the same case or controversy."

20. State-law claims "form part of the same case or controversy" as federal claims if they "derive from a common nucleus of operative fact." *Balentine* v. *Doe*, 2022 WL 17818553, at *8 (N.D.N.Y. Dec. 20, 2022) (quoting *Briarpatch Ltd., L.P.* v. *Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)) (exercising supplemental jurisdiction over negligence and IIED state law claims because they "arise from [Plaintiff's] federal claims").

21. In every claim, Plaintiff pinpoints the locus of his alleged harm on a single event: when "the [Bankruptcy] court approved the agreed order," which would not have happened "but for" Defendants' supposed breaches of duty arising under federal law. (FAC ¶¶ 21, 30, 34, 40, 45, 48, 52, 54, 59.)[6] Plaintiff's claims "form part of the same case or controversy." 28 U.S.C. § 1367. As a result, the Court has supplemental jurisdiction for any claims not "arising under" federal law. *Id.* § 1331.

## NOTICE TO ADVERSE PARTY AND STATE COURT

22. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notification of the removal of this case on Plaintiff via email and first class mail:

> Fermin Aldabe
> 505 Laurel Valley Dr.
> Asheville, NC 28805
> fermin_aldabe@yahoo.com

23. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, with the clerk of the Supreme Court of the State of New York, County of New York.

---

[6] Plaintiff's complaint alleges that the "FTC . . . filed the agreed order" alongside AIBL. (FAC ¶ 28.) This is inaccurate. The Agreed Order recognized "the withdrawal of opposition to recognition by the Federal Trade Commission," and no FTC representative signed the agreed order. *See* Agreed Order, *supra* n.3, at 2, 6. Nonetheless, the FTC's withdrawal forms a part of the "common nucleus of operative fact" at issue in this case. *See Briarpatch*, 373 F.3d at 308.

**CONCLUSION**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: February 1, 2023
       New York, New York

Respectfully submitted,

/s/ *Matthew J. Porpora*

Sharon L. Nelles (*nelless@sullcrom.com*)
Matthew J. Porpora (*porporam@sullcrom.com*)
Sean P. Fulton (*fultons@sullcrom.com*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorneys for Defendants*
*Sullivan & Cromwell LLP,*
*James L. Bromley, and*
*Fabio Weinberg Crocco*